FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 1 2 2021

TAMMY H. DOWNS, CLERK
By:_____
                DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CHRISTOPHER HOLDER and RANDALL TAYLOR, Each Individually and on Behalf of All Others Similarly Situated**                                   **PLAINTIFFS**

vs.                              No. 4:21-cv-1086-BRW

**BID GROUP CONSTRUCTION US, INC.**                                                                 **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiffs Christopher Holder and Randall Taylor ("Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorney Josh Sanford of Sanford Law Firm, PLLC, for their Original Complaint—Collective Action ("Complaint") against BID Group Construction US, Inc. ("Defendant"), state and allege as follows:

### I.    PRELIMINARY STATEMENTS

1.   This is a collective action brought by Plaintiffs, each individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2.   Plaintiffs seek a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper overtime compensation under the FLSA and the AMWA.

This case assigned to District Judge Wilson
and to Magistrate Judge Ervin

## II. JURISDICTION AND VENUE

3.  The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.  This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

5.  Defendant employed Plaintiff Holder at job sites located in Russellville and Leola; therefore, venue is proper within this Division and District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

6.  Plaintiff Christopher Holder ("Holder") is an individual and resident of Grant County.

7.  Plaintiff Randall Taylor ("Taylor") is an individual and resident of Stanly County, North Carolina.

8.  Defendant is a foreign, for-profit corporation.

9.  Defendant's registered agent for service of process is C T Corporation System, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

10. Defendant, in the course of its business, maintains a website at https://bidgroup.ca/en/.

## IV. FACTUAL ALLEGATIONS

11. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint as if fully set forth in this section.

12. Defendant's primary business is non-residential building construction.

13. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as animal feed.

14. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

15. Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

16. Defendant acted as the employer of Plaintiffs and the proposed collective and is and has been engaged in interstate commerce as that term is defined under the FLSA.

17. Upon information and belief, Defendant has locations in Arkansas as well as other states, such as South Carolina, Alabama, Idaho, and Washington.

18. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA.

19. Defendant employed Holder as an hourly-paid Carpenter Supervisor, Mechanical Worker, and Iron Worker from June of 2012 to August of 2021.

20. Holder worked on Defendant's job sites in Arkansas, Arizona, Mississippi, Alabama, Texas, Georgia, South Carolina and Idaho.

21. Defendant employed Taylor as an hourly-paid General Laborer from July of 2016 to July of 2021.

22. Taylor worked on Defendant's job sites in North Carolina, Alabama, Georgia and Mississippi.

23. Defendant classified Plaintiffs as hourly employees, nonexempt from the overtime requirements of the FLSA.

24. Defendant also employed other hourly-paid employees to perform the work necessary to its business (hereinafter referred to as "hourly employees") within the three years preceding the filing of this lawsuit.

25. Defendant directly hired Plaintiffs and other hourly employees, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

26. Other hourly-paid employees had similar duties as Plaintiffs, which consisted of supervising carpenters and concrete workers, operating machinery, painting, maintenance, excavating and cleaning job sites.

27. At all times material herein, Plaintiffs and other hourly employees have been classified by Defendant as nonexempt from the overtime requirements of the FLSA, 29 U.S.C. § 207.

28. At all times material herein, Holder has been classified by Defendant as nonexempt from the overtime requirements of the AMWA, A.C.A. § 11-4-211.

29. Plaintiffs and other hourly employees recorded their hours worked on a paper timesheet and via an electronic time clock, which logged their hours into a payroll system maintained by Defendant.

30. Upon information and belief, Defendant rounded hours worked by Plaintiffs and other hourly employees in Defendant's favor by rounding in fifteen-minute increments.

31. For example, if an hourly employee clocked in at 7:46 am, Defendant recorded the employee's start time as 8:00 am. Likewise, if an hourly employee clocked out at 5:14 pm, Defendant recorded the employee's end time as 5:00 pm.

32. Defendant's rounding practice resulted in hours worked by Plaintiffs and other hourly employees which went unrecorded and uncompensated.

33. Because Plaintiffs and other hourly employees regularly worked over forty hours in a week, the hours which went uncompensated due to Defendant's rounding practices created additional overtime violations.

34. Defendant knew or should have known that Plaintiffs and other hourly employees were working hours off the clock for which they were not compensated.

35. Upon information and belief, Defendant's clock-in and rounding policies were the same for all hourly employees.

36. In addition to Defendant's rounding practices, Plaintiffs worked additional hours which went unrecorded and uncompensated.

37. Specifically, Defendant regularly shaved Holder's hours so that his paystubs reflected fewer hours than he had actually worked.

38. In at least once instance, Taylor was required to work off the clock. Specifically, his supervisor directed him to haul some equipment—a job which took approximately 20 hours—and Taylor was never paid for this time.

39. At all relevant times herein, Defendant has deprived Plaintiffs and other hourly employees of proper overtime compensation for all of the hours worked over forty per week.

40. Defendant knew or showed reckless disregard for whether the way it paid Plaintiffs and other hourly employees violated the FLSA and AMWA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

41. Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully incorporated in this section.

42. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly employees who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

  A. Regular wages and overtime premiums for all hours worked over forty (40) hours in any week;

  B. Liquidated damages; and

  C. Attorney's fees and costs.

43. Plaintiff proposes the following class under the FLSA:

> **All hourly employees who worked over thirty-nine hours in any week within the past three years.**

44. In conformity with the requirements of FLSA Section 16(b), each Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

45. The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward

through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

46. The members of the proposed FLSA collective are similarly situated in that they share these traits:

    A.    They were paid hourly; and

    B.    They were subject to Defendant's common policy of rounding their time in favor of Defendant;

    C.    They were subject to Defendant's common policy of failing to pay a proper overtime rate for hours worked over forty in a week.

47. Plaintiffs are unable to state the exact number of the collective but believes that the collective exceeds 50 persons.

48. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

49. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

50. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.   FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of the FLSA)

51. Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully set forth herein.

52. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

53. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

54. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

55. Defendant classified Plaintiffs as nonexempt from the requirements of the FLSA.

56. Despite Plaintiffs' entitlement to overtime payments under the FLSA, Defendant failed to pay Plaintiffs 1.5x their regular rate for all hours worked in excess of 40 per week.

57. Defendant knew or should have known that its actions violated the FLSA.

58. Defendant's conduct and practices, as described above, were willful.

59. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

60. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

61. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.  SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

62. Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully set forth herein.

63. Plaintiffs assert this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

64. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

65. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

66. Defendant classified Plaintiffs and other similarly situated employees as nonexempt from the overtime provisions of the FLSA.

67. Defendant failed to pay Plaintiffs and similarly situated employees 1.5x their regular rate for all hours worked in excess of 40 per week.

68. Defendant deprived Plaintiffs and similarly situated employees of compensation for all of the hours worked over forty per week, in violation of the FLSA.

69. Defendant knew or should have known that its actions violated the FLSA.

70. Defendant's conduct and practices, as described above, were willful.

71. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

72. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

73. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the AMWA as to Plaintiff Holder)

74. Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully set forth herein.

75. Holder asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq.*

76. At all relevant times, Defendant was Holder's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

77. Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay 1.5x regular wages for all hours worked

over 40 each week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

78. Defendant classified Holder as nonexempt from the requirements of AMWA.

79. Defendant failed to pay Holder overtime wages as required under the AMWA for all hours that Holder worked in excess of forty per week.

80. Defendant knew or should have known that its practices violated the AMWA.

81. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

82. By reason of the unlawful acts alleged herein, Defendant is liable to Holder for, and Holder seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## IX.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Christopher Holder and Randall Taylor, each individually and on behalf of all others similarly situated, respectfully pray that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiffs and others similarly situated for all unpaid overtime wages under the FLSA, the AMWA and their related regulations;

D. Judgment for liquidated damages owed to Plaintiffs and all others similarly situated pursuant to the FLSA, the AMWA, and their related regulations;

E. An order directing Defendant to pay Plaintiffs and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**CHRISTOPHER HOLDER and RANDALL TAYLOR, Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CHRISTOPHER HOLDER and RANDALL**　　　　　　　　　　**PLAINTIFFS**
**TAYLOR, Each Individually and on**
**Behalf of All Others Similarly Situated**

vs.　　　　　　　　　　No. 4:21-cv-____

**BID GROUP CONSTRUCTION US, INC.**　　　　　　　　　　**DEFENDANT**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly worker for Bid Group Construction US, Inc., within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid wages. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

_____
**CHRISTOPHER HOLDER**
November 12, 2021

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**Kirkpatrick Plaza**
**10800 Financial Centre Parkway, Suite 510**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CHRISTOPHER HOLDER and RANDALL**                         **PLAINTIFFS**
**TAYLOR, Each Individually and on**
**Behalf of All Others Similarly Situated**

vs.                              No. 4:21-cv-_____

**BID GROUP CONSTRUCTION US, INC.**                        **DEFENDANT**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly worker for Bid Group Construction US, Inc., within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

*Randall A. Taylor*
_____
**RANDALL TAYLOR**
November 12, 2021

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**Kirkpatrick Plaza**
**10800 Financial Centre Parkway, Suite 510**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**